# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### CIVIL ACTION NO. 3:17-CV-111

| | | |
|---|---|---|
| PROACTIVE DEALER SOLUTIONS, LLC, | ) ) ) | |
| Plaintiff | ) ) | |
| v. | ) ) | **VERIFIED COMPLAINT**<br>(Jury Trial Demanded) |
| REID V. RICHARDS and INCREASE YOUR LEADS, LLC, | ) ) ) | |
| Defendants | ) ) | |

**COMES NOW** Proactive Dealer Solutions, LLC (hereafter "PDS" or "Plaintiff"), by and through counsel, and files this Complaint against Reid V. Richards (hereafter "Richards" or "Defendant Richards") and IYL, LLC (hereafter "Increase Your Leads" or "Defendant IYL") and alleges as follows:

## <u>INTRODUCTION</u>

This case arises from Defendants' unlawful competition against Plaintiff together with surreptitious, self-dealing business activities whereby Defendant Richards exploited his position as a former employee of Plaintiff to his personal benefit and to the benefit of Defendant IYL. Defendant Richards operates Defendant IYL in violation of a valid Employment Agreement Defendant Richards entered into with Plaintiff for valuable consideration. Defendants have copied entire sections of the content contained on a recent iteration of Plaintiff's website and illegally published that content, as well as other content that is substantially similar to the content expressed on Plaintiff's website, on Defendant IYL's website. Furthermore, Defendants' website contains illegal imitations of at least one of Plaintiff's registered trademarks and illegally

1

contains other information that constitutes trademark infringement, false designation of origin, false descriptions, and unfair competition. Defendants have also engaged in other actions that constitute various forms of unfair competition, including illegal passing off and illegal misappropriation. Finally, while an employee of Plaintiff, Defendant Richards had knowledge of Plaintiff's confidential client information, pricing information, trade secrets, and other proprietary and confidential business information of the company (hereafter referred to as Plaintiff's "confidential information"). With this commercially valuable knowledge, Defendant Richards is now unlawfully competing against Plaintiff, and has misappropriated and either used and/or disclosed or threatens to use and/or disclose this confidential information for his personal benefit. These wrongful and unlawful actions by Defendants breach Defendant Richards' contract with Plaintiff, violate North Carolina law including the Trade Secrets Protection Act (N.C. Gen. Stat. § 66-152 *et seq.*), the Unfair and Deceptive Trade Practices Act (N.C. Gen. Stat. § 75-1.1), constitute common law breach of contract and common law conversion, and constitute violations of the U.S. Copyright Act (17 U.S.C. § 501 *et seq.*) and the Lanham Act (15 U.S.C. §§ 1114(1) and 1125(a)).

## PARTIES

1.      Plaintiff Proactive Dealer Solutions, LLC is a North Carolina limited liability company with a registered and principal office in Huntersville, Mecklenburg County, North Carolina.

2.      Upon information and belief, Defendant Reid V. Richards is a citizen and resident of Douglas County, Nebraska.

3.      Defendant Increase Your Leads, LLC is a Nebraska limited liability company with a designated office address of 15418 Weir St. 231, Omaha, Nebraska 68137. Increase Your

2

Leads' Registered Agent is Business Filings Incorporated and it may be served with process at 5601 South 59th Street, Lincoln, Nebraska 68516.

4.     Upon information and belief, Defendant Increase Your Leads, LLC maintains a principal place of business at 4942 S. 114th Street, Omaha, Nebraska 68137.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction over the subject matter of this case pursuant to 28 U.S.C. §§ 1331 and 1367.

6.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2).

## FACTS

### Plaintiff PDS's Business

7.     Plaintiff is engaged in the highly specialized and competitive industry of training and marketing for the automotive industry.  Plaintiff's business is built largely on the goodwill of its business, its trade secrets and confidential and proprietary information, its marketing efforts, it investments in the development of its website and other marketing materials, its trademarks and service marks, and its investments in obtaining various Federal trademark registrations.

8.     In particular, Plaintiff specializes in the implementation and rehabilitation of business development initiatives within automotive dealerships.

9.     Plaintiff works with automotive dealers to increase their business without increasing their advertising budgets, by maximizing the sales and services opportunities the dealers currently have.

10.     Through a staff of consultants and performance coaches, Plaintiff provides the following non-exhaustive business development services and solutions to automotive dealers:

3

a.     implementing business development centers to create and drive prospective customer traffic into dealerships, improve dealership communications and lead management, enable consistent and effective customer communication, improve customer retention, and increase profitability;

b.     optimizing business development centers to strengthen existing dealership business development centers, sales departments, and service departments;

c.     specializing recruiting services to help dealership's staff business development centers with ideal personnel; and

d.     boot camp training that helps dealerships to create the vision and culture needed for business development practices to be profitable.

11.     Plaintiff has long marketed its services, including the above mentioned services, using trademarks and service marks such as "BDC BOOTCAMP$^{SM}$", "BDC SET-UP AND REHAB$^{SM}$", and "BDC RECRUITING AND STAFFING SERVICES$^{SM}$", and Plaintiff's head with headset design mark.  Plaintiff has invested substantial time, effort, and money in creating and marketing these named services such that there is an association or origin between Plaintiff's existing automotive dealership customers and prospective automotive dealership customers and these named services and Plaintiff.

12.     Plaintiff uses literature that it has authored and developed, such as training materials, as well as various promotions, designs, know-how, and original works of authorship in conjunction with the provision and marketing of its services.

13.     Plaintiff extensively markets its services through numerous original works fixed in a tangible medium, including through the expression of the content contained on different versions of its website (www.bdcexperts.com).  Plaintiff has made a substantial investment of

4

time, effort, and money in creating the various versions of its website. A true and correct copy of a recent version (https://www.bdcexperts.com; accessed November 10, 2015) of the content contained on Plaintiff's website is attached hereto as Exhibit A. A true and correct copy of the current version (https://www.bdcexperts.com; accessed March 2, 2017) of the content contained on Plaintiff's website is attached hereto as Exhibit B.

14. Plaintiff's website (www.bdcexperts.com) provides numerous ways for automotive dealership clients and prospective clients to contact Plaintiff regarding Plaintiff's services. Indeed, Plaintiff generates substantial business through customer and prospective customer inquiries submitted through Plaintiff's website.

15. On March 2, 2017, Plaintiff submitted to the United States Copyright Office an application for copyright registration for the content contained on the recent version of its website which is attached hereto as Exhibit A as well as for the content contained on the current version of its website which is attached hereto as Exhibit B. True and correct copies of Plaintiff's applications to the United States Copyright Office are attached hereto as Exhibit C.

16. Plaintiff has marketed its services through the web address www.bdcexperts.com for such a long and exclusive period of time that the automotive dealerships who use Plaintiff's services, or that seek to use Plaintiff's services, have come to understand that services obtained or sought though www.bdcexperts.com are distinctly identifiable and come from a single source; that source being Plaintiff.

17. Indeed, Plaintiff has marketed its services under "THE BDC EXPERTS$^{SM}$" mark for approximately 20 years, extensively used the mark "BDC EXPERTS$^{SM}$" in its advertising, and has made a substantial investment of time, effort, and money in marketing its services under service marks "THE BDC EXPERTS$^{SM}$" with the successful intent to promote a connection

5

between the service marks "BDC EXPERTS<sup>SM</sup>" or "THE BDC EXPERTS<sup>SM</sup>" and Plaintiff's services. Plaintiff has grown its business and built substantial goodwill for its business through the use of the "BDC EXPERTS<sup>SM</sup>" service mark. Thus, another company's use of a term similar to "BDC EXPERTS<sup>SM</sup>" for the same services is likely to cause confusion among automotive dealer consumers and has, in fact, resulted in actual confusion as some of Plaintiff's automotive dealer customers have contacted Plaintiff as a result of the confusion caused by being solicited by Defendants who are using the substantially similar term "BDC Pros" to market services that are the same or substantially similar to the services Plaintiff provides.

18.     Plaintiff has also obtained various Federal trademark registrations including but not limited to Reg. No. 5,080,674 in International Classes 035 and 041, consisting, in part, of the letters "BDC" and the word "CENTRAL" separated by a hexagonal ring. A true and correct copy of the trademark registration is attached hereto as Exhibit D.

**Defendant Richards' Employment with Plaintiff**

19.     On or about July 1, 2015, Plaintiff hired Defendant Richards as a Performance Coach. In consideration for Plaintiff employing Defendant Richards in the position of performance coach, Defendant Richards entered into an Employment Agreement. A true and correct copy of Defendant Richard's Employment Agreement is attached hereto as Exhibit E.

20.     By entering into the Employment Agreement, Defendant Richards acknowledged his employment allowed him access to and required him to use Plaintiff's confidential information and Defendant Richards promised not to, among other things, "induce [Plaintiff's] existing customers to reduce, terminate, restrict or alter their relationships with [Plaintiff] in any fashion" or use for any purpose other than carrying out Defendant Richards' duties as an employee of Plaintiff the following information, including Plaintiff's confidential information:

6

a.  literature of the Employer;

b.  promotions of the Employer;

c.  designs of the Employer;

d.  know-how of the Employer; and

e.  original works of authorship of the Employer.

21.  Through his employment with Plaintiff, Defendant Richards obtained specific knowledge of the services Plaintiff provides to its clients, the manner in which Plaintiff provides its services to its clients, and the manner and names or terms by which Plaintiff markets its services to its clients and prospective clients throughout North America.  Indeed, Defendant Richards had direct access to, and contact with, Plaintiff's clients and prospective clients. Defendant Richards also had direct access to Plaintiff's confidential information, which he used in conjunction with the provision of services to Plaintiff's clients.

22.  As a Performance Coach for Plaintiff, Defendant Richards either acquired or should have acquired and/or had opportunity to acquire knowledge of some of Plaintiff's most secret proprietary information including, but not limited to, customer lists, the identity and contact information useable to contact Plaintiff's customers, the identity of Plaintiff's customers, the identity of potential customers contacted by Plaintiff, the commercial preferences and practices of Plaintiff's customers, Plaintiff's marketing plans and sale procedures and techniques, customer purchasing practices, customer service needs and practices, training plans and procedures and techniques of the Plaintiff, contracts of the Plaintiff, pricing information regarding Plaintiff's goods or services, literature of the Plaintiff, selling activities of the Plaintiff, promotions of the Plaintiff, distributions of the Plaintiff, business plans of the Plaintiff, technical information of the Plaintiff, financial information of the Plaintiff, designs of the Plaintiff,

7

formulae of the Plaintiff, developmental or experimental work of the Plaintiff, know-how of the Plaintiff, and processes of the Plaintiff. This information was not and is not generally known to the public or Plaintiff's competitors and was not and is not ascertainable through independent means. This confidential information derives commercial value from remaining confidential. In order to preserve the confidentiality of this information, Plaintiff undertakes certain security measures.

23. Through his employment with Plaintiff, Defendant Richards obtained specific knowledge that Plaintiff's service marks include "THE BDC EXPERTS$^{SM}$" or "BDC EXPERTS$^{SM}$" and that Plaintiff extensively uses the mark "BDC EXPERTS$^{SM}$" in its advertising with the successful intent to promote a connection between the mark "BDC EXPERTS$^{SM}$" and Plaintiff's services.

24. Through his employment with Plaintiff, Defendant Richards obtained specific knowledge of the content contained on Plaintiff's website and was specifically aware of the expression of content contained on the version of Plaintiff's website which is attached hereto as Exhibit A.

25. Defendant Richards' last day of employment with Plaintiff was December 23, 2015.

## Illegal Activities of the Defendants

26. Shortly after Defendant Richards' employment with Plaintiff ended, he repeatedly engaged in activity that breached his Employment Agreement with Plaintiff and he, both individually and through Defendant IYL, engaged in other activity, and continues to engage in other activity, that violates Plaintiff's legal rights.

27. For example, in late March of 2016, Plaintiff was informed that Defendant Richards was using Plaintiff's confidential information such as Plaintiff's scripts, Original Works of Authorship, and other literature, in violation of multiple laws and his Employment Agreement with Plaintiff, in conjunction with his competitive employment with an automotive dealership in Bowie, Maryland.

28. Promptly after being informed that Defendant Richards was violating the law and his contractual obligations, Plaintiff's counsel sent Defendant Richards a letter specifically requesting that he "immediately cease any use or disclosure of [Plaintiff's] confidential information and trade secrets and that you refrain from any activity in the future that violates the laws or breaches the [Employment Agreement]." (*See* Exhibit F). Plaintiff's counsel further requested that Defendant Richards immediately return all of Plaintiff's confidential information. (*Id*.).

29. On April 12, 2016, in response to the letter from Plaintiff's counsel, Defendant Richards admitted that he had been in possession of Plaintiff's confidential information and admitted that he used Plaintiff's confidential information by presenting Plaintiff's confidential information to the automotive dealership in Bowie, Maryland. A true and correct copy of Plaintiff's April 12, 2016 e-mail is attached hereto as Exhibit G.

30. In late June of 2016, Plaintiff discovered that Defendant Richards was soliciting one of Plaintiff's automotive dealer customers, holding himself out as a former employee of Plaintiff, and inducing Plaintiff's customer to reduce, terminate, restrict or alter its relationship with Plaintiff by proposing to provide to that customer services that directly compete with Plaintiff's services in violation of his Employment Agreement with Plaintiff. A true and correct copy of Plaintiff's June 221, 2016 solicitation is attached hereto as Exhibit H. Upon information

and belief, Defendant Richards solicited several of Plaintiff's automotive dealer customers in a similar manner. Upon information and belief, Defendant Richards, both individually and through Defendant IYL, continues to solicit Plaintiff's automotive dealer customers for the purpose of inducing those customers to reduce, terminate, restrict or alter their relationships with Plaintiff in violation of the Employment Agreement. Upon information and belief, Defendant Richards, both individually and through Defendant IYL, has used and continues to use Plaintiff's confidential information in conjunction with his illegal efforts to solicit Plaintiff's automotive dealer customers for the purpose of inducing those customers to reduce, terminate, restrict or alter their relationships with Plaintiff in violation of the Employment Agreement.

31. On or about July 7, 2016, Defendant IYL was created via the filing of a Certificate of Organization with the Nebraska Secretary of State's Office. Upon information and belief, Defendant Richards owns Defendant IYL, is Defendant IYL's sole Member, and instructed Defendant IYL's registered agent to file the Certificate of Organization. Defendant IYL competes directly with Plaintiff and provides identical or analogous services to the services Plaintiff provides to its customers.

32. In early January of 2017, Plaintiff discovered that Defendants were sending out solicitations using the name "BDC PROS" and marketing a service, under the designation "BDC Boot Camp," which is identical to Plaintiff's "BDC BOOT CAMP$^{SM}$" service mark and which Plaintiff has long advertised, including on a recent version of Plaintiff's website. Furthermore, the solicitation admitted that it was sent by Defendant Richards. The solicitation listed an email address affiliated with Defendant Richards as reidrichards@bdcexperts.com. However, www.bdcexperts.com is Plaintiff's website address. A true and correct copy of the solicitation is attached hereto as Exhibit I.

10

33.    Defendants' January 2017 solicitation, which used a name ("BDC PROS") that is an imitation of Plaintiff's "BDC EXPERTS$^{SM}$" service mark, marketed a service that is named identically to the services Plaintiff offers under its "BDC BOOT CAMP$^{SM}$" service mark, and contained an email address that referred to Plaintiff's website address.  Thus, the solicitation obviously used Plaintiff's trademarks and service marks, which Plaintiff's customers and prospective customer associate with Plaintiff, and did so in connection with the sale or offering for sale of a service offered by Plaintiff in a manner clearly designed to confuse automotive dealership consumers.

34.    Likewise, Defendants' January 2017 solicitation used Plaintiff's marks in a manner that failed to adequately identify Defendants as distinct from Plaintiff such that Defendants' use of those names or marks causes confusion or a likelihood of confusion among automotive dealership consumers.

35.    Moreover, Defendants' January 2017 solicitation misappropriated Plaintiff's marks by virtue of using a name ("BDC PROS") that is an imitation of Plaintiff's "BDC EXPERTS$^{SM}$" service mark, by virtue of advertising a service that bears Plaintiff's "BDC BOOT CAMP$^{SM}$" service mark, and by referring to Plaintiff's website address.  Defendants' misappropriation or Plaintiff's marks, through the January 2017 solicitation, is likely to cause confusion and mistake by Plaintiff's customers and prospective customers.

36.    Upon information and belief, Defendants continue to send out solicitations and advertisements that are similar to the January 2017 solicitation that was discovered by Plaintiff.

37.    Upon discovering Defendants' illegal January 2017 solicitation, Plaintiff also discovered Defendants' website (www.bdcpros.com).  A true and correct copy of the version of

Defendants' website that Plaintiff discovered in early January of 2017 is attached hereto as Exhibit J. (https://www.bdcpros.com; accessed January 5, 2017).

38.   Defendants' website address (www.bdcpros.com) is an imitation of Plaintiff's website address (www.bdcexperts.com) as Defendants' website address begins with the same letters, "bdc", and then uses a term, "pros", that is a synonym for "experts."  By using the substantially similar name "BDC PROS", Defendants fail to adequately identify themselves as distinct from Plaintiff.  The use of such a similar name is likely to cause confusion among Plaintiff's automotive dealership customers and prospective customers.  Obviously, Defendant Richards, a former employee of Plaintiff, uses the website address www.bdcpros.com and the name "BDC Pros" in association with his business Defendant IYL in a manner that is intentionally designed to unfairly compete against Plaintiff by, among other things, passing off its "BDC PROS" designation as Plaintiff's "BDC Experts[SM]" service mark and thereby misappropriating a service mark that Plaintiff has made a substantial investment of time, effort, and money in creating.

39.   Defendants' website, as it existed in early January of 2017, advertised the same services Plaintiff offers, and does so using Plaintiff's service marks (which Plaintiff advertises on its website).  For example, Plaintiff's website advertised its services under Plaintiff's "BDC BOOT CAMP[SM]", "BDC SET-UP AND REHAB[SM]", and "BDC RECRUITING AND STAFFING SERVICES[SM]", service marks and Plaintiff's automotive dealership customers associate Plaintiff as the origin of these services offered under Plaintiff's service marks.  The same named services were advertised on Defendants' website in early 2017.

40.   Defendants' website, as it existed in early January 2017, described Defendants' business and services using wording that was often a verbatim copy of the content contained on

12

Plaintiff's website. Other language on Defendants' website described Defendants' business and services using wording that was otherwise substantially similar to the content contained on Plaintiff's website.

41. Defendants' website, as it existed in early January 2017, included images, such as Plaintiff's head with headset design mark and numerous pictures, that were substantially similar imitations of service marks and images included in the content on Plaintiff's website.

42. Defendants' website, as it existed in early January 2017, employed a color-scheme that was substantially similar to and imitated the color scheme on Plaintiff's website.

43. The content on Defendants' website, taken together, created an overall similar commercial impression to Plaintiff's business.

44. Defendants' website, as it existed in early January 2017, included a combination of images, such as a hexagon, used in close proximity to words like "BDC" such that the content on Defendants' website infringed Plaintiff's Service Mark, Reg. No. 5,080,674.

45. Promptly after discovering the existence of Defendants' website and the contents of Defendants' website, Plaintiff's counsel sent Defendant Richards a letter specifically informing him of his violations of law, including violations of the Copyright Act (17 U.S.C. § 501 *et seq.*) and the Lanham Act (15 U.S.C. § 1125(a)). (*See* Exhibit K). The letter included, as an attachment, a copy of pages from Defendants' website with entire sections highlighted that were verbatim copies of Plaintiff's website content and marketing materials. (*Id.*). Plaintiff's counsel also requested that Defendant Richards "immediately cease any use or disclosure of [Plaintiff's] property and that you refrain from any activity in the future that violates the laws or breaches the [Employment Agreement]." (*Id.*).

13

46.    On January 6, 2017, Defendant Richards responded to the letter via e-mail and admitted, among other things, that:

a.    the information on his website (www.bdcpros.com) was similar, in words and phrases, to the information on Plaintiff's website;

b.    he previously worked for Plaintiff; and

c.    he is "in 100% competition with [Plaintiff] because I do exactly what they do."

A true and correct copy of Defendant Richards' January 6, 2017 e-mail is attached hereto as Exhibit L.

47.    Thus, Defendant Richards admitted in his January 6, 2017 email that he had specific knowledge of Plaintiff's business by virtue of his position as a former employee and Defendant Richards further admitted that Defendants deal in services identical or nearly identical to those offered by Plaintiff.

48.    Subsequently, on January 11, 2017, Defendant Richards directed another e-mail communication to the office of Plaintiff's counsel claiming that he removed all offending material from his website.  Defendant Richards signed the e-mail on behalf of Defendant IYL by including a signature block which read in relevant part:

"Reid Richards
Increase Your Leads LLC"

A true and correct copy of Defendant Richards' January 11, 2017 e-mail communication is attached hereto as Exhibit M.

49.    Defendant Richards' January 11 contention that he removed all offending material from his website turned out to be false.

14

50.     Instead of removing the offending content from the website, Defendants' merely substituted synonymous terms and language in limited portions of the website. Substantial portions of Defendants' website still contain language that is a verbatim copy of the content expressed on Plaintiff's website or that is substantially similar to the content expressed on Plaintiff's website. Moreover, the images and color-scheme of Defendants' website remained essentially unchanged. In sum, the content on Defendants' website, taken together, still creates an overall similar commercial impression to Plaintiff's business. A true and correct copy of the current version of Defendants' website is attached hereto as Exhibit N. (https://www.bdcpros.com; accessed February 15, 2017).

51.     Likewise, Defendants' website still uses a combination of images, such as a hexagon, in close proximity to the letters "BDC" such that this content on Defendants' website is likely to cause consumers to confuse the content with Plaintiff's mark and thus infringes Plaintiff's Service Mark, Reg. No. 5,080,674.

52.     As recently as February 27, 2017, Defendants continued to send out solicitations using the name "BDC PROS" and marketing a service, under the designation "BDC Boot Camp," which is identical to Plaintiff's "BDC BOOT CAMP[SM]" service mark and which Plaintiff has long advertised, including on a recent version of Plaintiff's website. Furthermore, the solicitation, which was received by one of Plaintiff's customers, stated that it was sent by Defendant Richards. A true and correct copy of the solicitation is attached hereto as Exhibit O.

53.     Defendants' February 2017 solicitation, which used a name ("BDC PROS") that is an imitation of Plaintiff's "BDC EXPERTS[SM]" service mark, marketed a service that is named identically to the services Plaintiff offers under its "BDC BOOT CAMP[SM]" service mark. Thus, the solicitation obviously used Plaintiff's trademarks and service marks, which Plaintiff's

customers and prospective customers associate with Plaintiff, and did so in connection with the sale or offering for sale of a service offered by Plaintiff in a manner clearly designed to confuse automotive dealership consumers.

54. Likewise, Defendants' February 2017 solicitation used Plaintiff's marks in a manner that failed to adequately identify Defendants as distinct from Plaintiff such that Defendants' use of those names or marks causes confusion or a likelihood of confusion among automotive dealership consumers.

55. Moreover, Defendants' February 2017 solicitation misappropriated Plaintiff's marks by virtue of using a name ("BDC PROS") that is an imitation of Plaintiff's "BDC EXPERTS$^{SM}$" service mark and by virtue of advertising a service that bears Plaintiff's "BDC BOOT CAMP$^{SM}$" service mark. Defendants' misappropriation of Plaintiff's marks, through the February 2017 solicitation, is likely to cause confusion and mistake by Plaintiff's customers and prospective customers.

56. Upon information and belief, Defendants continue to send out solicitations and advertisements that are similar to the February 2017 solicitation that was discovered by Plaintiff.

57. Upon information and belief, Defendant Richards, individually and through Defendant IYL, has used and continues to use Plaintiff's confidential information in conjunction with targeting Plaintiff customers and prospective customers with solicitations and advertisements such as the January 2017 and February 2017 solicitations. Upon information and belief, Defendant Richards, individually and through Defendant IYL, has used and continues to use Plaintiff's confidential information in conjunction with the provision of services that compete directly with Plaintiff's services.

16

58.     To date, Defendants persist in engaging in numerous unlawful activities that violate Plaintiff's legal rights.

## FIRST CLAIM FOR RELIEF

**(Violation of North Carolina's Trade Secrets Protection Act as to all Defendants)**

59.     Plaintiff incorporates by reference in this Claim for Relief Paragraphs 1 through 58 of this Complaint as if fully set forth herein.

60.     Defendants' actions as alleged in Paragraphs 1 through 58 of this Complaint are in violation of the Trade Secrets Protection Act.  Specifically, Defendant Richards knows, should have known, had multiple specific opportunities to acquire, and did in fact acquire Plaintiff's confidential information that is both proprietary to Plaintiff and derives value from being kept confidential.

61.     Defendant Richards, both individually and through Defendant IYL, has either used, acquired, misappropriated or disclosed Plaintiff's confidential information to his personal benefit and without authorization to do so.  In fact, he has either used, acquired or disclosed Plaintiff's confidential information or threatens imminently or inevitably to do so.  Additionally, and/or alternatively, Defendant Richards, both individually and through Defendant IYL, imminently threatens to inevitably disclose or use Plaintiff's confidential information.

62.     Defendant Richards, both individually and through Defendant IYL, has misappropriated Plaintiff's confidential information and has either disclosed it or used it or imminently and inevitably threatens to disclose or use that confidential information.

63.     Defendant Richards had access to, knowledge of, and surreptitiously retained copies of Plaintiff's trade secrets.  The confidential information referenced above constitutes

17

trade secrets because it is not generally known to Plaintiff's competitors or the general public and is subject to Plaintiff's efforts to maintain its security.

64.    Defendant Richards is presently working in a capacity, both individually and/or through Defendant IYL, as a competitor of Plaintiff which involves the provision of services that are either identical to or substantially similar to those he provided for Plaintiff.

65.    Defendant Richards had an opportunity to acquire Plaintiff's trade secrets and he in fact did acquire those trade secrets.

66.    Defendant Richards willfully and maliciously used, misappropriated and disclosed for his own benefit Plaintiff's trade secrets and property in violation of N.C. Gen. Stat. § 66-152 *et seq.* knowing that doing so was legally prohibited by the Employment Agreement and knowing that he was prohibited from doing so by law following notice from Plaintiff and without disclosing this to Plaintiff when he knew or should have known he had a duty to do so.

67.    Plaintiff has suffered injury proximately caused by Defendants' conduct including lost revenues, business, customer good will, customer loyalty, competitive advantage, compromised secrecy and misappropriation of its trade secrets, loss of its confidential information and either actual or imminently threatened inevitable use and/or disclosure of its trade secrets.

68.    Defendant Richards, both individually and/or through Defendant IYL, has either used, and/or threatens to continue to use, Plaintiff's trade secrets causing Plaintiff irreparable harm unless enjoined.  Plaintiff has no appropriately rapid or adequate legal remedy absent a temporary restraining order and preliminary and permanent injunctions.  Plaintiff is threatened with continued substantial harm if Defendants are not restrained and enjoined from violating the law.  Pursuant to N.C. Gen. Stat. § 66-154, Plaintiff is entitled to a temporary restraining order,

Case 3:17-cv-00111-FDW-DCK   Document 1   Filed 03/06/17   Page 18 of 30

as well as preliminary and permanent injunctions to enjoin actual and threatened misappropriation, disclosure and or use of its trade secrets.

69.    Plaintiff is entitled to recover damages and punitive damages to be proven at trial in addition to its reasonable attorney's fees and costs of litigation and interest as allowed by law.

## SECOND CLAIM FOR RELIEF

### (Breach of Contract as to Defendant Richards)

70.    Plaintiff incorporates by reference in this Claim for Relief the allegations contained in Paragraphs 1 through 69 of this Complaint as if fully set forth herein.

71.    Plaintiff and Defendant Richards entered into a fully valid and enforceable Employment Agreement on July 1, 2015 which was supported by valid and sufficient consideration.

72.    In the Employment Agreement, Defendant Richards promised not to, among other things, "induce [Plaintiff's] existing customers to reduce, terminate, restrict or alter their relationships with [Plaintiff] in any fashion" or use for any purpose other than carrying out Defendant Richards' duties as an employee of Plaintiff the following information:

    a.    literature of the Employer;

    b.    promotions of the Employer;

    c.    designs of the Employer;

    d.    know-how of the Employer; and

    e.    original works of authorship of the Employer.

73.    Defendant Richards breached the Employment Agreement by:

    a.    inducing Plaintiff's existing customers to reduce, terminate, restrict, or alter their relationships with Employer;

19

b. using for a purpose other than carrying out his duties as an employee of Plaintiff the following information: literature, promotions, designs, know-how, and original works of authorship which belong to the Plaintiff; and

c. using or disclosing Plaintiff's confidential information and trade secrets for the benefit of himself or any other person, corporation, partnership, joint venture, or other business organization.

74. Defendant Richards has breached and continues to breach the duties he owes to Plaintiff set forth in the Employment Agreement.

75. Plaintiff has suffered damages as a direct and proximate result of Defendant Richards' breach of the Employment Agreement and is entitled to recover damages and such other remedies as allowed by law. Additionally, as a direct and proximate result of the above-reference breaches of the Employment Agreement, Plaintiff has suffered and will continue to suffer irreparable harm. Moreover, Plaintiff has no adequate remedy for Defendant Richards' ongoing violations of the Employment Agreement which entitles it to an order that he specifically perform his contractual obligations.

## **THIRD CLAIM FOR RELIEF**

### **(Unjust Enrichment against all Defendants)**

76. Plaintiff incorporates by reference in this Claim for Relief the allegations contained in Paragraphs 1 through 75 of this Complaint as if fully set forth herein.

77. Defendants have been unjustly enriched jointly and severally by their wrongful conduct herein including by obtaining revenues, profits, and income derived from their wrongful conduct.

78.     Plaintiff has been proximately injured by Defendants' wrongful conduct and is entitled to compensation for their unjust enrichment at Plaintiff's expense including actual damages jointly and severally.

## FOURTH CLAIM FOR RELIEF

### (Conversion as to all Defendants)

79.     Plaintiff incorporates by reference in this Claim for Relief the allegations contained in Paragraphs 1 through 78 of this Complaint as if fully set forth herein.

80.     Plaintiff is the rightful owner of the confidential information and other property Defendants surreptitiously took for themselves and converted to their own use and benefit.

81.     Defendants' knowingly and intentionally took Plaintiff's confidential information and property.

82.     Defendants' wrongfully took and converted to their own use and benefit the confidential information and property belonging to Plaintiff.

83.     Plaintiff has been injured, and has suffered damages, by the loss of its confidential information and property that was proximately caused by Defendants' conversion of and refusal to return its confidential information and property.

## FIFTH CLAIM FOR RELIEF

### (Unfair and Deceptive Trade Practices as to all Defendants)

84.     Plaintiff incorporates by reference in this Claim for Relief the allegations contained in Paragraphs 1 through 83 of this Complaint as if fully set forth herein.

85.     The self-dealing actions and other wrongful conduct of Defendants described herein above are unfair or deceptive acts or practices and unfair methods of competition and constitute unfair and deceptive acts and practices as a matter of law that are in or affecting

commerce in violation of the North Carolina Unfair Trade Practices Act, N.C. Gen. Stat. § 75-1.1 *et seq*. The violation of the Trade Secrets Protection Act and conversion of Plaintiff's property described herein are unfair and deceptive acts and/or practices and unfair methods of competition and constitute unfair and deceptive acts and/or practices that are in or affecting commerce in violation of the North Carolina Unfair Trade Practices Act. N.C. Gen. Stat. § 75-1.1.

86. Plaintiff has suffered injury proximately caused by Defendants' wrongful conduct and unfair and deceptive trade practices including, but not limited to, the misappropriation, disclosure, and/or use and conversion of its confidential information and property. Plaintiff is thus entitled to recover damages as proven at trial, trebled in accordance with N.C. Gen. Stat. § 75-16, in addition to attorneys' fees, litigation costs and interest as allowed by law.

<u>**SIXTH CLAIM FOR RELIEF**</u>

**(Trademark Infringement in Violation of 15 U.S.C. § 1114 as to all Defendants)**

87. Plaintiff incorporates by reference in this Claim for Relief the allegations contained in Paragraphs 1 through 86 of this Complaint as if fully set forth herein.

88. Plaintiff has a federally registered Service Mark, Reg. No. 5,080,674, consisting, in part, of the letters "BDC" and the word "CENTRAL" separated by a hexagonal ring.

89. Defendants' website used and uses a combination of images, such as a hexagon, in close proximity to the letters "BDC."

90. Defendants' use of the content described above is likely to cause consumers to confuse the content on Defendants' website with Plaintiff's mark and thus infringes Plaintiff's Service Mark, Reg. No. 5,080,674.

91.     Plaintiff has suffered damages as a direct and proximate result of Defendants' infringement on Plaintiff's Service Mark, Reg. No. 5,080,674, and is entitled to recover damages and such other remedies including attorneys' fees, litigation costs and interest as allowed by law. Additionally, as a direct and proximate result of the above-reference trademark infringement, Plaintiff has suffered and will continue to suffer irreparable harm. Moreover, Plaintiff has no adequate remedy for Defendants' ongoing trademark infringement which entitles Plaintiff to a preliminary and permanent injunction against further infringement.

## SEVENTH CLAIM FOR RELIEF

**(False Designation of Origin and False Descriptions in Violation of 15 U.S.C. 1125(a) as to all Defendants)**

92.     Plaintiff incorporates by reference in this Claim for Relief the allegations contained in Paragraphs 1 through 91 of this Complaint as if fully set forth herein.

93.     Plaintiff has developed a protectable trademark right in the following non-exhaustive list of trademarks and service marks: "BDC EXPERTS$^{SM}$", "BDC BOOT CAMP$^{SM}$", "BDC SET-UP AND REHAB$^{SM}$", "BDC RECRUITING AND STAFFING SERVICES$^{SM}$", and Plaintiff's head with headset design mark.

94.     There is an association of origin by the consumer between the marks listed above and Plaintiff, the first user of the marks.

95.     Defendants' acts, practices and conduct, including but not limited to the use of the term "BDC PROS", the use of the marks "BDC Boot Camp", "BDC Set-Up and Rehab", "BDC Recruiting and Staffing Services", the use of the head with headset design mark, and the use of Plaintiff's website address in conjunction with Defendants' website and other marketing

materials and solicitations are likely to cause confusion and mistake by Plaintiff's customers and the general public.

96.     Plaintiff has suffered damages as a direct and proximate result of Defendants' illegal passing off of Plaintiff's marks, and is entitled to recover damages and such other remedies including Defendants' sales, attorneys' fees, litigation costs and interest as allowed by law.  Additionally, as a direct and proximate result of the above-referenced illegal passing off, Plaintiff has suffered and will continue to suffer irreparable harm.  Moreover, Plaintiff has no adequate remedy for Defendants' ongoing passing off which entitles Plaintiff to a preliminary and permanent injunction against further unfair competition.

## EIGHTH CLAIM FOR RELIEF

### (False Designations of Origin and False Descriptions in Violation of 15 U.S.C. § 1125(a) as to all Defendants)

97.     Plaintiff incorporates by reference in this Claim for Relief the allegations contained in Paragraphs 1 through 96 of this Complaint as if fully set forth herein.

98.     Plaintiff has made a substantial investment of time, effort, and money in creating the content on its website and in creating its other marketing materials.

99.     Defendants' appropriated the content on Plaintiff's website and in Plaintiff's other marketing materials at little or no cost.

100.    Defendants' acts of appropriation have injured the Plaintiff.

101.    There is an association of origin by Plaintiff's automotive dealership customers and other prospective consumers of Plaintiff's services between the content on Plaintiff's website and in Plaintiff's other marketing materials and Plaintiff, the first user.

24

102.     Defendants' acts and conduct, including the appropriation of the content on Plaintiff's website and in Plaintiff's other marketing materials, are likely to cause confusion and mistake by Plaintiff's automotive dealership clients and by the general public.

103.     Plaintiff has suffered damages as a direct and proximate result of Defendants' illegal misappropriation of the content on Plaintiff's website and in Plaintiff's other marketing materials, and Plaintiff is entitled to recover damages and such other remedies including Defendants' sales, attorneys' fees, litigation costs and interest as allowed by law.  Additionally, as a direct and proximate result of the above-reference illegal misappropriation, Plaintiff has suffered and will continue to suffer irreparable harm.  Moreover, Plaintiff has no adequate remedy for Defendants' ongoing misappropriation which entitles Plaintiff to a preliminary and permanent injunction against further unfair competition.

## NINTH CLAIM FOR RELIEF

### (Copyright Infringement in violation of 17 U.S.C. § 501(a))

104.     Plaintiff incorporates by reference in this Claim for Relief the allegations contained in Paragraphs 1 through 103 of this Complaint as if fully set forth herein.

105.     Plaintiff owns a valid copyright interest in the content expressed on its website, has submitted an application for registration of the copyright, and therefore has the exclusive right to, among other things, reproduce the copyrighted work or prepare derivative works based upon the copyrighted work.

106.     Defendant Richards, as a former employee of Plaintiff, had access to the copyrighted work and Defendant IYL, as a company affiliated with Defendant Richards, had access to the copyrighted work.

107.     Defendants have infringed Plaintiff's copyright by copying verbatim the content on Plaintiff's website and placing that content on Defendants' website or by otherwise placing substantially similar content on Defendants' website.

108.     Plaintiff placed Defendants on notice of the infringement on Plaintiff's copyright and Defendants continued their copyright infringement thereby engaging in willful infringement of Plaintiff's copyright.

109.     Plaintiff has suffered damages as a direct and proximate result of Defendants' copyright infringement, Defendants' gross revenue, attorneys' fees, litigation costs and interest as allowed by law.   Additionally, as a direct and proximate result of the above-referenced copyright infringement, Plaintiff has suffered and will continue to suffer irreparable harm. Moreover, Plaintiff has no adequate remedy for Defendants' ongoing copyright infringement which entitles Plaintiff to a preliminary and permanent injunction against further infringement.

## PRAYER FOR RELIEF

Plaintiff Proactive Dealer Solutions prays for the following relief:

1.     That the Court enter a preliminary injunction against Defendants and accept this Verified Complaint as an affidavit in support of a preliminary injunction prohibiting Defendants from:

a.     inducing Plaintiff's existing customers to reduce, terminate, restrict or alter their relationships with Plaintiff;

b.     using for a purpose other than carrying out his duties as an employee of Plaintiff the following information:   literature, promotions, designs, know-how, and other original works of authorship which belong to the Plaintiff;

26

c. using, disclosing and misappropriating Plaintiff's trade secrets and confidential information as prohibited by law;

d. retaining Plaintiff's confidential information or copies of its confidential information and requiring them to immediately return all of Plaintiff's property;

e. engaging in any further infringement of Plaintiff's Service Mark, Reg. No. 5,080,674;

f. using Plaintiff's website address in any manner;

g. engaging in any further unfair competition including using the terms "BDC PROS", "BDC Boot Camp", "BDC Set-Up and Rehab", and "BDC Recruiting and Staffing Services" in any manner or the head in headset design in any manner;

h. engaging in any further unfair competition including any misappropriation of the content contained on Plaintiff's website and in Plaintiff's other marketing materials; and

i. engaging in any further infringement on Plaintiff's copyright;

2. That the Court direct this case to be tried by a jury and that following a determination on the merits of Plaintiff's claims against Defendants herein, the Court enter a permanent injunction and order directing Defendant Richards to specifically perform his obligations under the Employment Agreement.

3. That the Court order Defendants to pay to Plaintiff all its damages, including actual damages, punitive damages, trebled damages pursuant to N.C. Gen. Stat. § 75-16, statutory damages pursuant to 17 U.S.C. § 504(c)(2), damages pursuant to 15 U.S.C. § 1125(a), and Defendants' profits;

4. That all costs of this action, including Plaintiff's attorneys' fees pursuant to N.C. Gen. Stat. § 75-16.1 and/or 15 U.S.C. § 1125(a) be charged to Defendants;

5. That, in the alternative, all costs of this action, including Plaintiff's attorneys' fees, be charge to Defendants as allowed by law or statute or agreement; and

6. That this Court grant such other and further relief to Plaintiff as the Court deems just and proper.

Respectfully submitted this 6th day of March, 2017.


/s/ Kevin V. Parsons
NC State Bar No. 19226
/s/ Philip A. Hinson
NC State Bar No. 42907
Parsons Summa
15801 Brixham Hill Avenue, Suite 550
Charlotte, North Carolina 28277
Telephone: 704-557-9929
Email: kparsons@parsonsumma.com
        phinson@parsonssumma.com

**Attorneys for Plaintiff**

## <u>VERIFICATION</u>

I, ***[NAME]*** being first duly sworn, depose and say that I am the **[POSITION]** of Proactive Dealer Solutions, LLC, I have read the foregoing Complaint and the allegations made therein are true of my own knowledge, except those matters alleged upon information and belief, which I believe to be true.

_____
***[NAME]***

SWORN TO and subscribed before
me this __ day of March, 2017.

_____
                  Notary Public

My Commission Expires:

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that a copy of the foregoing "VERIFIED COMPLAINT" in the above-captioned proceeding has been served this day by Federal Express and by certified U.S. mail, postage prepaid and return receipt requested, upon the defendants at the addresses listed below:

> Reid Richards
> 14803 Echo Hills Drive
> Omaha, Nebraska 68138
>
> Reid Richards
> Increase Your Leads, LLC
> 14518 Weir Street
> Omaha, Nebraska 68137
>
> Increase Your Leads, LLC
> c/o Business Filings Incorporated, Registered Agent
> 5601 South 59th Street
> Lincoln, Nebraska 68156

This the 6th day of March, 2017.

_____
Philip A. Hinson

30