UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:17-cv-111-FDW-DCK

| | |
|---|---|
| PROACTIVE DEALER SOLUTIONS, LLC, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>REID V. RICHARDS and INCREASE )<br>YOUR LEADS, LLC, )<br>)<br>Defendants. ) | **ORDER** |

THIS MATTER is before the Court upon Plaintiff's Motion to Strike Defendants' Amended Answer and Counterclaim. (Doc. No. 8). For the reasons set forth below, the Court GRANTS Plaintiff's Motion.

It appears to the Court that the corporate Defendant has not retained counsel in this case but instead has had their employee and co-defendant, Reid V. Richard, jointly file a pro se Answer and pro se Amended Answer on their behalf. This is not permitted under North Carolina law. "[I]n North Carolina a corporation [including an LLC] must be represented by a duly admitted and licensed attorney-at-law . . . ." Dungan & Mitchell, P.A. v. Dillingham Const. Co., Inc., 608 S.E.2d 415 (N.C.App. 2005) (citation and internal quotations omitted). Indeed, "[i]t has been the law for the better part of two centuries … that a corporation may appear in federal courts only through licensed counsel." Rowland v. California Men's Colony, 506 U.S. 194, 201-02 (1993). Accord Gilley v. Shoffner, 345 F. Supp. 2d 563, 566 (M.D.N.C. 2004) (dismissing Complaint of pro se corporate plaintiff); Microsoft Corp. V. Computer Serv. & Repair, Inc., 312 F. Supp. 2d 779, 780 (E.D.N.C. 2004) (same); and Lexis-Nexis v. TraviShan Corp., 155 N.C. App. 205, 208,

573 S.E.2d 547, 549 (2002) (same).[1] Therefore, the Court will STRIKE the Answer (Doc. No. 4) filed on March 29, 2017, and STRIKE the Amended Answer (Doc. No. 7) filed on June 15, 2017; STAY the Case Management Order entered on May 3, 2017 (Doc. No. 6) and direct that the corporate Defendant retain counsel within thirty (30) days of the date of this Order. Counsel for Defendant Increase Your Leads, LLC, shall file an Answer in this case no later than October 2, 2017. Defendant Richards shall file his Answer on or before October 2, 2017. If Defendant Increase Your Leads, LLC, does not retain counsel, the Court will entertain a Motion for Default by Plaintiff.

IT IS THEREFORE ORDERED that:

(1) Plaintiff's Motion to Strike (Doc. No. 8) is GRANTED;

(2) The Answer filed on March 29, 2017 (Doc. No. 4) and the Amended Answer filed on June 15, 2017 (Doc. No. 7) are STRICKEN;

(3) The Case Management Order filed on May 3, 2017 (Doc. No. 6) is STAYED until the corporate Defendant retains counsel in this matter and such counsel files an Answer;

(4) The corporate Defendant has thirty (30) days from the date of this Order to retain counsel. Counsel shall file an Answer in this case on or before October 2, 2017;

(5) Defendant Richards shall file his Answer on or before October 2, 2017.

SO ORDERED.

Signed: August 3, 2017

Frank D. Whitney
Chief United States District Judge

---

[1] While recognizing that unpublished opinions have no precedential value, the Court notes that the Fourth Circuit Court of Appeals has affirmed the entry of default judgment against a pro se corporate defendant that failed to retain counsel. Allied Colloids, Inc. v. Jadair, Inc., 139 F.3d 887 (4th Cir. 1998) ("almost every court to address this issue has held that a corporation may not appear pro se but must be represented by duly licensed counsel").