# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# DOCKET NO. 3:17-cv-00111-FDW-DCK

| | |
|---|---|
| PROACTIVE DEALER SOLUTIONS, LLC, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) ) |
| REID V. RICHARDS and INCREASE YOUR LEADS, LLC, | ) ) ) ) |
| Defendants. | ) ) |

## FINAL CONSENT JUDGMENT

The parties, Proactive Dealer Solutions, LLC ("Plaintiff" or "PDS"), Reid V. Richards ("Defendant Richards" or "Richards"), and Increase Your Leads, LLC ("Defendant IYL" or "IYL") having agreed to settle and compromise on Count I of the Complaint (violation of North Carolina's Trade Secrets Protection Act, N.C. Gen. Stat. § 66-154 *et seq.*, as to all Defendants), Count II of the Complaint (Breach of Contract as to Defendant Richards), Count III of the Complaint (Unjust Enrichment as to all Defendants), Count IV of the Complaint (Conversion as to all Defendants), Count V of the Complaint (violation of North Carolina's Unfair Trade Practices Act, N.C. Gen. Stat. § 75-1.1 *et seq.*, as to all Defendants), Count VI of the Complaint (Trademark Infringement in violation of 15 U.S.C. § 1114 as to all Defendants), Count VII of the Complaint (False Designations of Origin and False Descriptions, Illegal Passing Off, in violation of 15 U.S.C. § 1125(a) as to all Defendants), Count VIII of the Complaint (False Designations of Origin and False Descriptions, Illegal Misappropriation, in violation of 15 U.S.C. § 1125(a) as to all Defendants), and Count IX of the Complaint (Copyright Infringement in violation of 17 U.S.C. §

501(a) as to all Defendants); and Defendants having offered to allow judgment in favor of Plaintiff to be entered as hereinafter set forth; and said parties having agreed to the settlement; and good cause appearing, the Court makes the following findings of fact and enters judgment as agreed upon by the parties:

1. Plaintiff PDS is a North Carolina limited liability company with a registered and principal office in Huntersville, Mecklenburg County, North Carolina.

2. Defendant Richards is an individual residing in Douglas County, Nebraska.

3. Defendant IYL is a Nebraska limited liability company with a designated office address of 15418 Weir St. 231, Omaha, Nebraska, 63137, and IYL's Registered Agent is Business Filings Incorporated through which IYL may be served with process at 5601 South 59th Street, Lincoln, Nebraska 68516.

4. The Defendants consent to this Court having jurisdiction over their person and the subject matter of this dispute, and represent that venue is proper in the Court. The Defendants expressly waive any rights they may have to contest this Court's jurisdiction over their persons or the subject matter of this action.

5. Defendants have violated the North Carolina Trade Secrets Protection Act (N.C. Gen. Stat. § 66-152 *et seq.*) and the North Carolina Unfair and Deceptive Trade Practices Act (N.C. Gen. Stat. § 75-1.1 *et seq.*) as described below.

6. PDS is engaged in the highly specialized and competitive industry of training and marketing for the automotive industry. While employed by PDS, Richards acquired some of PDS's most secret proprietary information including, but not limited to, customer lists, the identity and contact information useable to contact PDS's customers, the identity of PDS's customers, the identity of potential customers contacted by PDS, the commercial preferences and practices of

PDS's customer, PDS's marketing plans and sale procedures and techniques, customer purchasing practices, customer service needs and practices, training plans and procedures and techniques of PDS, contracts of PDS, pricing information regarding PDS's goods or services, literature of PDS, selling activities of PDS, promotions of PDS, distributions of PDS, business plans of PDS, technical information of PDS, financial information of PDS, designs of PDS, formulae of PDS, developmental or experimental work of PDS, know-how of PDS, and processes of PDS.

7. To the extent not already made public through no improper means, PDS's secret proprietary information described in ¶ 6 constitutes trade secrets belonging to PDS within the meaning of N.C. Gen. Stat. § 66-152(3).

8. Defendants Richards and IYL misappropriated PDS's trade secrets described above in ¶¶ 6 and 7.

9. Defendants' misappropriation of PDS's trade secrets caused economic loss of PDS and unjustly enriched Richards and IYL.

10. Richards and IYL engaged in unfair and deceptive trade practices within the meaning of N.C. Gen. Stat. § 75-1.1 *et seq.* as described above in ¶¶ 6 through 9.

11. PDS and Defendant Richards entered into a fully valid and enforceable Employment Agreement on July 1, 2015 which was supported by valid and sufficient consideration. In the Employment Agreement, Defendant Richards promised not to, among other things, "induce [PDS's] existing customers to reduce, terminate, restrict or alter their relationships with [PDS] in any fashion" or use for any purpose other than carrying out Defendant Richards' duties as an employee of PDS the following information: (a) literature of the Employer; (b) promotions of the Employer; (c) designs of the Employer; (d) know-how of the Employer; and (e) original works of authorship of the Employer.

12. Defendant Richards breached the Employment Agreement with PDS by: (a) inducing PDS's existing customers to reduce, terminate, restrict, or alter their relationships with PDS; (b) using for a purpose other than carrying out his duties as an employee of PDS the following information: literature, promotions, designs, know-how, and original works of authorship which belong to PDS; and (c) using or disclosing PDS's confidential information and trade secrets for the benefit of himself or any other person, corporation, partnership, joint venture, or other business organization.

13. Defendant Richards' breach of the Employment Agreement with PDS caused economic loss to PDS and unjustly enriched Richards and IYL.

14. Defendants converted PDS's confidential information and property for their own use and benefit.

15. Defendants' conversion of PDS's confidential information and properly caused economic loss to PDS and unjustly enriched Richards and IYL.

16. PDS has a federally registered Service Mark, Reg. No. 5,080,674, consisting, in part, of the letters "BDC" and the word "CENTRAL" separated by a hexagonal ring.

17. Defendants' website used and uses a combination of images, such as a hexagon, in close proximity to the letters "BDC." Defendants' use of the content described in this paragraph is likely to cause consumer to confuse the content on Defendants' website with PDS's mark and thus infringes PDS's Service Mark, Reg. No. 5,080,674.

18. Defendants' infringement on Plaintiff's Service Mark, Reg. No. 5,080,674, caused economic loss to PDS, unjustly enriched Richards and IYL, and constitutes a violation of 15 U.S.C. § 1114.

19. PDS has developed a protectable trademark right in the following non-exhaustive list of trademarks and service marks: "BDC EXPERTS$^{SM}$", "BDC BOOT CAMP$^{SM}$", "BDC SET-UP AND REHAB$^{SM}$", "BDC RECRUITING AND STAFFING SERVICES$^{SM}$", and PDS's head with headset design mark.

20. There is an association of origin by the consumer between the marks listed above and PDS, the first user of the marks.

21. Defendants' acts, practices and conduct, including but not limited to the use of the term "BDC PROS", the use of the marks "BDC Boot Camp", "BDC Set-Up and Rehab", "BDC Recruiting and Staffing Services", the use of the head with headset design mark, and the use of PDS's website address in conjunction with Defendants' website and other marketing materials and solicitations are likely to cause confusion and mistake by PDS's customers and the general public, and thus constitute illegal passing off of PDS's marks in violation of 15 U.S.C. § 1125(a).

22. Defendants' illegal passing off of PDS's protectable trademark right in the trademarks and service marks - "BDC EXPERTS$^{SM}$", "BDC BOOT CAMP$^{SM}$", "BDC SET-UP AND REHAB$^{SM}$", "BDC RECRUITING AND STAFFING SERVICES$^{SM}$", and PDS's head with headset design mark – caused economic loss to PDS, unjustly enriched Richards and IYL, and constitutes a violation of 15 U.S.C. § 1125(a).

23. PDS has made a substantial investment of time, effort, and money in creating the content on its website and in creating its other marketing materials. There is an association of origin by PDS's automotive dealership customers and other prospective consumers of PDS's services between the content on PDS's website and in PDS's other marketing materials and PDS, the first user.

24. Defendants' appropriated the content on PDS's website and in PDS's other marketing materials at little or no cost. Defendants' appropriation of the content on PDS's website and in Plaintiff's other marketing materials, are likely to cause confusion and mistake by PDS's automotive dealership clients and by the general public, and thus constitute illegal misappropriation in violation of 15 U.S.C. § 1125(a).

25. Defendants' illegal misappropriation of the content on PDS's website and in PDS's other marketing materials caused economic loss to PDS, unjustly enriched Richards and IYL, and constitutes a violation of 15 U.S.C. § 1125(a).

26. PDS owns a valid copyright interest in the content expressed on its website, has submitted an application for registration of the copyright, and therefore has the exclusive right to, among other things, reproduce the copyrighted work or prepare derivative works based upon the copyrighted work.

27. Defendant Richards, as a former employee of PDS, had access to the copyrighted work and Defendant IYL, as a company affiliated with Richards, had access to the copyrighted work.

28. Defendants infringed PDS's copyright by copying verbatim the content on PDS's website and placing that content on Defendants' website or by otherwise placing substantially similar content on Defendants' website.

29. PDS placed Defendants on notice of the infringement on PDS's copyright and Defendants continued their copyright infringement thereby engaging in willful infringement of PDS's copyright in violation of 17 U.S.C. § 501(a).

30. Defendant's willful copyright infringement of PDS's copyright caused economic loss to PDS, unjustly enriched Richards and IYL, and constitutes a willful violation of 17 U.S.C. § 501(a).

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED**, that:

A. IYL and Richards, their agents, servants, employees, and those persons or entities acting in concert or participating with them including officers, directors, managers, and employees, shall cease and desist permanently from using, communicating, or disseminating in any fashion any of the following information of PDS in their possession which is protected as a "trade secret" under North Carolina Law including PDS's customer lists, the identity and contact information useable to contact PDS's customers, the identify of PDS's customers, the identity of potential customers contacted by PDS, the commercial preferences and practices of PDS's customers, PDS's marketing plans and sale procedures and techniques, customer purchasing practices, customer service needs and practices, training plans and procedures and techniques of PDS, contracts of PDS, pricing information regarding PDS's goods or services, literature of PDS, selling activities of PDS, promotions of PDS, distributions of PDS, business plans of PDS, technical information of PDS, financial information of PDS, designs of PDS, formulae of PDS, developmental or experimental work of PDS, know-how of PDS, and processes of PDS.

B. IYL and Richards, their agents, servants, employees, and those persons or entities acting in concert or participating with them including officers, directors, managers, and employees shall permanently refrain from inducing PDS's existing customers to reduce, terminate, restrict or alter their relationships with PDS.

C. IYL and Richards, their agents, servants, employees, and those persons or entities acting in concert or participation with them including officers, directors, managers, and employees

7

shall cease and desist permanently from any use of PDS's trade name, trademarks, service marks, or design marks including but not limited to "BDC EXPERTS[SM]", "BDC BOOT CAMP[SM]", "BDC SET-UP AND REHAB[SM]", "BDC RECRUITING AND STAFFING SERVICES[SM]", PDS's head with headset design mark, or the mark that is validly subject to U.S. Trademark Registration No. 5,080,674, or any colorable imitations or confusing similar versions of any of the above; provided, however, that nothing herein shall preclude IYL or Richards from using the generic terms "BDC" by itself or in conjunction with other terms so long as such use is not confusingly similar to PDS's trade name, trademarks, service marks, or design marks including but not limited to "BDC EXPERTS[SM]", "BDC BOOT CAMP[SM]", "BDC SET-UP AND REHAB[SM]", "BDC RECRUITING AND STAFFING SERVICES[SM]", PDS's head with headset design mark, or the mark that is validly subject to U.S. Trademark Registration No. 5,080,674.

    D.    IYL and Richards, their agents, servants, employees, and those persons or entities acting in concert or participation with them including officers, directors, managers, and employees shall cease and desist permanently from any use of PDS's copyrighted works including but not limited to works protected by registered copyrights, as well as any expression of content contained on PDS's website ([www.bdcexperts.com](www.bdcexperts.com)), or any work that is otherwise substantially similar to the content contained on PDS's website ([www.bdcexperts.com](www.bdcexperts.com)).

    E.    IYL and Richards shall remove all content on their respective websites that are specifically and reasonably identified by PDS to IYL and Richards as violations of Paragraphs A through D above, and, where specifically and reasonably identified by PDS to IYL and Richards as violations of Paragraphs A through D above, on social media pages, including but not limited to, Facebook, Twitter, LinkedIn, Instagram, and Pinterest (all, collectively, the "Sites") that violate Paragraphs A through D above, and IYL and Richards shall permanently cease using the web

address http://bdcpros.com/ or any other web address that is substantially similar to PDS's web address (www.bdcexperts.com) and violate Paragraphs A through D above.

F. IYL (including is officers, directors, managers, and employees) and Richards shall not speak adversely about, disparage or comment derogatorily about PDS (including its owners, officers, directors, managers, and employees), nor will IYL (including its officers, directors, managers, and employees) and Richards provide information or issue any statements regarding PDS (including its owners, officers, directors, managers, and employees), or take any action to cause PDS (including its owners, officers, directors, managers, and employees) embarrassment or humiliation or otherwise cause or contribute to PDS (including its owners, officers, directors, managers, and employees) being held in disrepute.

G. Any content that IYL and Richards uploads to the Sites shall comply with the terms set forth in the above Paragraphs A through F of this Consent Judgment.

H. Plaintiff shall have and recover, jointly and severally, against Defendants Reid V. Richards and Increase Your Leads, LLC in the total sum of $500.00 as damages.

I. IYL and Richards, their agents, servants, employees, and those persons or entities acting in concert or participation with them including officers, directors, managers, and employees shall be entitled to a cure period of ten (10) calendar days upon written notice of breach of this Consent Judgment within which to cure any such breach before PDS may seek to enforce the provisions herein.

/s/ *Jason Beckett*  /s/*Reid V. Richards*
Jason Beckett, General Manager  Reid V. Richards
Proactive Dealer Solutions  *For Defendants*
*For Plaintiff*


*/s/ Kevin V. Parsons*  */s/ Ryan S. Luft*
Kevin V. Parsons  Ryan S. Luft
*Counsel for Plaintiff*  *Counsel for Defendants*


**IT IS SO ORDERED**.

Signed: March 13, 2018

Frank D. Whitney
Chief United States District Judge